FILED
JEANNE A. NAUGHTON, CLERK
JUL 17 2017
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

GIANCARLO PRESTA and
ADELINA F. PRESTA,

Case No. 15-17322 (JNP)

Debtors.

Chapter 7

-----------------------------------------------X

CANBY FOODS, LLC,

Plaintiff,

v.

Adv No. 15-2071 (JNP)

GIANCARLO PRESTA and
ADELINA F. PRESTA

Defendants.

-----------------------------------------------X

## OPINION

**APPEARANCES:**

Jill T. Bryan
Law Office of Jill T. Bryan
Washington Professional Campus
900 Route 168, Suite A4
Turnersville, NJ 08012

*Attorney for the Plaintiff,*
*Canby Foods, LLC*

Edward M. Thompson
Callaghan, Thompson & Thompson, PC
2428 Atlantic Avenue
Atlantic City, NJ 08401

*Attorney for the Debtors,*
*Giancarlo Presta and Adelina F. Presta*

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Canby Foods, LLC (the "Plaintiff") filed a complaint against Giancarlo and Adelina F. Presta (the "Debtors") seeking nondischargeability of the Plaintiff's claims against the Debtors. The Plaintiff alleges the Debtors intentionally and fraudulently induced the Plaintiff to enter into an Asset Purchase Agreement ("APA") with the Debtors. Furthermore, the Plaintiff contends that it reasonably relied on the Debtors' assertions and was irreparably harmed and damaged. Therefore, the Plaintiff argues the debt owed by the Debtors is non-dischargeable. The Defendants argue that they did not commit fraud and contend the Plaintiff does not meet the burden of proof to show that fraud has been committed. For the reasons discussed herein, judgment will be entered in favor of the Defendants.

## I. Background

On December 9, 2013 the Plaintiff and Debtors entered into an APA for the sale of assets of a restaurant that included equipment, inventory, fixtures, and good will. The Debtors used this personal property to open "L'Aragosta," a restaurant operated at 11 Cricket Avenue, Ardmore, Pennsylvania. Mr. Brownell, the Plaintiff's principal, had purchased the property just six months earlier but decided to sell it, testifying that he "realized [he] didn't like what was going on." The purchase price under the APA was $125,000. It was to be paid under a Promissory Note in the amount of $110,000 and a deferred down payment of $15,000. The Plaintiff agreed to a deferred payment for the $15,000 after the Debtors assured it they would receive the funds from Ms. Presta's parents once they obtained an insurance payout. At the time the agreement was made, the Plaintiff undertook no background investigation on the Debtors' financial history or capability to make payments going forward. Furthermore, it did not look into the profitability or viability of a Brigantine, New Jersey restaurant operated by the Debtors. As collateral, the Plaintiff took possession of the title to a BMW owned by the Debtors. The Debtors' claimed the

BMW had a value of $25,000 which was based upon an offer to sell the vehicle that they had received.

At the time of entering into the APA, Mr. Presta was involved in a Chapter 13 proceeding but did not seek approval of the court before entering into the APA. The Plaintiff asserts that the Debtors misrepresented this fact when signing the APA because they failed to disclose the Bankruptcy to the Plaintiff. The Debtors claim that they did not read the APA fully and the details of the APA were not explained to them.

At the time of entering the APA, Giancarlo Presta had paid into the Bankruptcy $67,000 and made the required payments to the trustee of $2,000 per month for September, October, and November, 2013. The Debtors allege to have paid a total of $27,000 to the Plaintiff. However, the Plaintiff claims to have received only $14,000 of the amount owed. The Plaintiff affirms it made multiple attempts at collecting the money by calling the Debtors.

The Plaintiff commenced litigation against the Debtors in the Superior Court of New Jersey, Atlantic County, and obtained a judgment in the amount of $138,033.42 plus interest and costs. During the state court proceeding, the Plaintiff made no claim of fraud as to the Debtors' actions. On April 22, 2015, the Debtors filed for Chapter 7 bankruptcy and listed the state court judgment as a dischargeable debt. On July 31, 2015, the Plaintiff filed a complaint to find this debt non-dischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code.

## II. Discussion

A. Section 523(a)(2)(A)

The Plaintiff contends that the Debtors committed fraud and their debt should not be discharged pursuant to Section 523(a)(2)(A) of the Bankruptcy Code. Section 523(a)(2)(A) of the Bankruptcy Code provides:

> A discharge under section 727, 1147, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
> (2) for money, property services, or an extension, renewal, or refinancing for credit, to the extend obtained, by-
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A).

In order to prevail, the Plaintiff must establish five elements: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reliance by the other person; and (5) resulting harm. In re Moeller, 2014 WL 1315854, *5 (Bankr. D.N.J. Mar. 31, 2014) (citing In re Cohen, 185 B.R. 180, 186 (Bankr. D.N.J. 1995)). The Plaintiff asserts the Debtors materially misrepresented their financial status and intended to deceive the Plaintiff for inducement purposes. Furthermore, the Plaintiff claims to have justifiably relied on the Debtors' actions resulting in harm. The court addresses both of these issues in turn. First with regards to the Debtors' failure to disclose Mr. Presta's first Bankruptcy proceeding, and second with regards to the $15,000 insurance payout.

a) <u>Bankruptcy Proceeding</u>

The Plaintiff contends the Debtors misrepresented their financial status by failing to disclose that Mr. Presta was in a Bankruptcy proceeding upon entering into the APA. Under the APA, the Debtors represented that:

> there is no action, suit, proceeding at law or in equity by any person or entity, or any arbitration or any administrative or other proceeding by or before, or, to the best knowledge of the Buyers any investigation by, any governmental or other instrumentality or agency or body pending or, to the best of knowledge of the Buyers, threatened against or affecting any of the assets or which would adversely affect the ability of the Buyers to consummate the transactions completed by this agreement.

APA § 2.3 (Trial Exhibit P-1).

Furthermore, the Plaintiff claims that it reasonably relied on the Debtors' misrepresentations and suffered damages because of the Debtors' failure to disclose pertinent information regarding their finances. While the Court acknowledges that the Debtors may have materially misrepresented their financial situation by failing to disclose Mr. Presta's ongoing Bankruptcy, the Plaintiff failed to demonstrate a casual nexus between the misrepresentation and the debt. In order to draw this conclusion, the Plaintiff must satisfy the element of causation by showing some degree of reliance. <u>Field v. Mans</u>, 516 U.S. 59, 66; 116 S. Ct. 437, 441-42 (1995).

Moreover, at no point during negotiations with the Debtors did the Plaintiff run a financial background check. Had the Plaintiff run a financial background check on the Debtor, it would have quickly discovered Mr. Presta's ongoing Bankruptcy proceeding. In fact, there was no testimony of any due diligence conducted by the Plaintiff. Instead of conducting due diligence, the Plaintiff continued to induce the Debtors to enter into the APA by altering the deal in the Debtors' favor when notified that the Debtors had no money to provide as a deposit. As further

discussed below, it was also apparent that the Plaintiff was almost desperate to sell the property and it would have accepted any deal not matter what representations were made.

The Plaintiff has failed to establish that it reasonably relied upon the non-disclosure of Mr. Presta's bankruptcy. To prevail on a Section 523(a)(2)(A) complaint alleging actual fraud, a creditor must, inter alia, establish that it justifiably relied on the Debtors' misrepresentation which the Debtors knew to be false and made with intent and purpose of deceiving the creditor. See 4 Collier on Bankruptcy, Sec. 523.08(1)(e) at 523-47 (16 ed. 2016). There is no evidence to suggest that the Plaintiff reasonably relied upon the provisions within the APA because the Plaintiff did none of its own due diligence. Therefore, the Plaintiff cannot prevail on its theory that failure to disclose Mr. Presta's previous bankruptcy is a basis to find the Plaintiff's claim non-dischargeable.

b) Insurance Claim

The Plaintiff also claims the Debtors falsely promised a $15,000 insurance payout which was to be used as a deferred down payment under the APA. The Debtors assert that the check was never received because the insurance settlement was retained by Ms. Presta's parents' mortgage company due to a foreclosure of a property. This fact is undisputed by the Plaintiff. At the time of the agreement, the Debtors did not know that the insurance settlement was going to be retained by the mortgage company. While this may constitute a material misrepresentation by the Debtors, the Plaintiff has failed to show the Debtors knew of the falsity of the statement at the time it was made or that they intended to falsely misrepresent the expectation of being able to provide the insurance payout. The Court finds that at the time the Debtors signed the APA, they intended to provide the payment once it was received. However, later circumstances made that

impossible. Therefore, the Plaintiff cannot prevail based on its theory that there was fraud related to the insurance check being provided as a down payment.

Moreover, it was the Plaintiff who changed the requirements of the purchase from a down payment at the time of the signing to allowing the Debtors to purchase the business with zero money down. The Plaintiff knew at the time of entering the APA that the Debtors had no money to make a down payment. Instead of not going through with the deal, the Plaintiff restructured it. The testimony presented showed that the Plaintiff "would take almost any deal" and the timing and source of a down payment was not material to the Plaintiff - it simply wanted a deal in place. Therefore, the Plaintiff has failed to show that it reasonably relied upon the Debtors' misrepresentation creating a correlation between the alleged fraud and the debt.

### III. Conclusion

For the foregoing reasons, the Court determines that the Plaintiff has not met its burden of proof. The Plaintiff failed to show that it reasonably relied on the Debtors' alleged misrepresentations as an inducement to enter into the APA. Furthermore, the Plaintiff failed to show that the Debtors knowingly misrepresented an expected insurance payout or intended to deceive the Plaintiff about the insurance payout. Judgment will be entered in favor of the Debtors.

Dated: July 17, 2017

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE